THE STATE, EX REL. CAMPBELL, APPELLEE, *v.* MUNICIPAL
CIVIL SERVICE COMMISSION OF THE CITY OF WHITEHALL,
APPELLANT.

[Cite as State, ex rel. Campbell, v. Municipal Civil Service
Comm. (1978), 53 Ohio St. 2d 114.]

(No. 77-564—Decided February 15, 1978.)

Messrs. *Smith & Tobin* and Mr. *Ben W. Hale, Jr.,* for appellee.

Mr. *George C. Rogers,* city attorney, for appellant.

*Per Curiam.* The central issue in the instant cause is whether the commission was under a clear legal duty to

116

certify the relator's name to the appointing officer on the basis of test results achieved on the first promotional examination. See paragraph one of the syllabus in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

Under R. C. 124.40, it is expressly provided that the municipal civil service commission shall conduct promotional examinations in accordance with the provisions of R C. Chapter 124. R. C. 124.44 provides that "* * * [n]o position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination." The promotional examination must be in writing (R. C. 124.23) and include credit for efficiency and seniority in service (R. C. 124.31). It is clear that before the results of a promotional examination can be certified to the appointing officer under R. C. 124.44, the examination itself must have been properly administered.

In the instant cause, the commission determined that its first examination was void, because the examination required that the candidate take an oral test and conditioned credit for efficiency and seniority in service on the basis of performance on the written test. Because of these defects, the commission did not certify the results of the first examination to the appointing authority, but rather conducted a second examination.

Clearly, the commission, which is vested with authority under R. C. 124.40 to effectuate the civil service laws of this state on a local level, exercised proper discretion in voiding the first examination. The examination improperly included an oral test (see *State, ex rel. Ethell,* v. *Hendricks* [1956], 165 Ohio St. 217), and in effect improperly excluded credits for efficiency and seniority of service earned by three of the four candidates.

The Court of Appeals, in granting relator's request for a writ of mandamus, held that the first examination was not *per se* void, but voidable, and thus, given a few corrective adjustments, was a proper basis for certification to the appointing officer. However, even if this court were to

agree with the Court of Appeals that the first examination was voidable (an issue this court need not specifically address in this cause), there is no authority to support the proposition that the commission had a clear legal duty to salvage the test results of the first promotional examination where such examination was improperly conducted, or, in the alternative, that the commission acted contrary to law in administering a corrected second examination. So long as the commission insured that certification for promotion was based on a properly administered promotional examination, its legal duties under R. C. Chapter 124 were met.

Because there was no clear legal duty on the part of the commission to certify corrected results of an improperly administered promotional examination, it was improper for the Court of Appeals to issue the writ of mandamus. (See *State, ex rel. Cook,* v. *Civil Service Comm.* [1949], 152 Ohio St. 71.)

The judgment of the Court of Appeals is therefore reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, PARRINO, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

PARRINO, J., of the Eighth Appellate District, sitting for CELEBREZZE, J.