THE STATE, EX REL. HABE, APPELLANT, *v.* CITY OF SOUTH EUCLID ET AL.,
APPELLEES.

[Cite as State, ex rel. Habe, v. South Euclid (1990), 56 Ohio St. 3d 117.]

(No. 89-1388—Submitted October 16, 1990—Decided December 19, 1990.)

118

*Butler, Clarke, Feighan & Hyland,*
*Joseph E. Feighan* and *Dennis F. Butler,* for appellant.
*Victor E. DeMarco* and *Robert P. DeMarco,* for appellees.

*Per Curiam.* Appellant claims that civil service commission rules that provide for appointments in a municipal police department do not supersede similar but conflicting provisions of R.C. 124.44, and that the court of appeals erred in refusing to issue a writ of mandamus based upon the finding that there were no vacancies in the position of sergeant at the time this action was filed. We disagree.

There is a conflict between the eligible list requirements of R.C. 124.44 and the South Euclid civil service rules. The statute provides that the person having the highest rating shall be appointed. The commission rules authorize the appointing authority to select any one of the three names certified by the commission.

R.C. 124.44, as pertinent, reads:
"* * * No position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination. * * * Whenever a vacancy occurs in the position above the rank of patrolman in a police department, and there is no eligible list for such rank, the municipal * * * civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination.

After such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of certification. If there is a list, the commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating, and the appointing authority shall appoint such person within thirty days from the date of such certification. * * *"

We addressed this issue in *Bardo, supra,* at 108-109, 524 N.E. 2d at 450, and stated the general rule that in the event of conflict between a charter provision and a state statute, the charter would prevail, but *only* where the conflict was by "the express terms of the charter and not by mere inference." In *Bardo, supra,* at 110, 524 N.E. 2d at 451, we referred to *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191, 5 O.O. 2d 481, 151 N.E. 2d 722, where the municipal charter prevailed because the administrative rule was expressly set forth in the charter.

In the instant case, the conflicting eligible list specifications were first set forth in commission rules as *authorized* by the municipal charter. However, as in *Bardo, supra,* the authority to deviate from the statutory standard was not expressly set forth in the South Euclid Charter. On November 8, 1988, no doubt in recognition of our holding in *Bardo, supra,* the South Euclid Charter was amended so as to include the missing specifications relative to promotional examination and other aspects of employment by the city. Thus, the statutory standard was the applicable standard on March 29, 1988, the time of the appointments here.

Appellant raises equitable arguments why the writ of mandamus should issue, but the writ essentially depends on the existence of a legal right. *State, ex rel. Carson,* v. *Bd. of Edn.* (1926), 115 Ohio St. 55, 152 N.E. 646. Appellant could arguably establish a legal right to relief if there had been a vacancy at the time his action was filed.

When relator filed his mandamus action, there were no vacancies for the position of sergeant because the sergeants who were appointed had satisfactorily served their probationary period as of October 3, 1988, and had become permanent employees in the South Euclid Police Department, completing the number of sergeants allotted under the city's administrative code. Thus, appellant, by delaying the filing of his mandamus action until after Madger's and Capadona's appointments became permanent, failed to show either "a clear legal right to the relief prayed for" or "that the respondent is under a clear legal duty to perform the requested act." *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus.

Consequently, appellant is not entitled to the issuance of the writ, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.