FRATERNAL ORDER OF POLICE, LODGE NO. 67, Appellant,

v.

CITY OF MAPLE HEIGHTS et al., Appellees.

[Cite as *Fraternal Order of Police, Lodge No. 67
v. Maple Heights* (1991), 77 Ohio App.3d 674.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59158.

Decided Oct. 15, 1991.

*Landskroner & Phillips Co., L.P.A., Robert M. Phillips* and *Stanley B. Wiener,* for appellant.

*Joseph W. Diemert,* for appellees.

---

NAHRA, Presiding Judge.

Fraternal Order of Police, Lodge No. 67 ("F.O.P.") appeals from the trial court's decision which declared that the police promotional examination administered by the Maple Heights Civil Service Commission was in conformity with state law and qualified as a competitive examination, and that Maple Heights, as a charter municipality, was entitled to delegate the formulation of the examination to the civil service commission. For the reasons set forth below, we reverse.

F.O.P. and two Maple Heights police officers originally brought suit against Maple Heights, its mayor and civil service commission for a temporary restraining order, and preliminary and permanent injunctions. The two police officers subsequently removed themselves from the suit. In the amended complaint, F.O.P. sought declarations that the oral portion of the Maple Heights police promotional exam violated state law and was not authorized by the Maple Heights Charter. F.O.P. also sought to enjoin the use of the oral exam, and to require that all future police promotional exams be competitive and in writing.

The case was submitted for decision by the court on the pleadings, stipulated facts, exhibits and briefs. The court found in favor of the defendants and F.O.P. brought this timely appeal.

## I

Appellant's first assignment of error reads as follows:

"The trial court erred in finding that the oral portion of the police promotion examination does not violate Ohio law."

R.C. 124.31(B) provides in pertinent part that "[a]ll examinations for promotions shall be competitive and in writing." R.C. 124.44 states in pertinent part that "[n]o position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination." The trial court determined that since R.C. 124.44 is addressed specifically to police promotions, and since R.C. 124.31(B) applies to promotional exams in the classified service generally, R.C. 124.31(B) is not controlling in this case.

In *State ex rel. Ethell v. Hendricks* (1956), 165 Ohio St. 217, 59 O.O. 298, 135 N.E.2d 362, the Ohio Supreme Court construed analogous prior statutes and interpreted them to mean that police promotional exams must be in writing. *Hendricks* was followed in *State ex rel. Campbell v. Whitehall Municipal Civil Service Comm.* (1978), 53 Ohio St.2d 114, 7 O.O.3d 190, 372 N.E.2d 606. This interpretation of R.C. 124.31(B) and 124.44 is also supported by basic principles of statutory construction, which require statutes to be construed to give effect to all provisions where possible. See, *e.g., Scott v. Reinier* (1979), 58 Ohio St.2d 67, 73, 12 O.O.3d 80, 83–84, 388 N.E.2d 1226, 1229.

Therefore, the trial court erred by not giving effect to the requirement in R.C. 124.31(B) that all civil service promotional exams must be in writing. Appellant's first assignment of error is well taken.

## II

■ Appellant's second assignment of error reads as follows:

"The trial court erred in finding that the civil service commission of the city of Maple Heights was authorized by the city charter to promulgate an oral promotion examination for police."

Maple Heights is a charter municipality. Section 2, Article XV of the Maple Heights Charter provides as follows:

"The Civil Service Commission shall provide by rule for the ascertainment of merit and fitness as the basis for appointment and promotion in the service of the Municipality as required by the Constitution of the State of Ohio. * * *

"Except as herein provided, a competitive examination shall be required for appointment to nonelective offices or job classifications in the service of the Municipality, but the Civil Service Commission shall determine the nature of such examination. * * * "

Maple Heights Civil Service Rule XV provides for police promotional exams according to the judgment of the civil service commission. According to facts stipulated to the trial court, the Maple Heights police promotional exam has included an oral component since 1987. There is no Maple Heights Charter provision, ordinance, or civil service rule which states that the examination must be oral in part.

In *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 524 N.E.2d 447, the Ohio Supreme Court held that a civil service commission rule, which did not require certification to the mayor of the highest rated applicant for promotion, was superseded by R.C. 124.44, which requires certification of the

highest-ranked applicant. The court noted that the Lyndhurst Charter did not specifically authorize the conflicting rule, and stated that:

"Although the Constitution gives municipalities the authority to adopt home rule, local self-government, the exercise of those powers by the adoption of a charter should clearly and expressly state the areas where the municipality intends to supersede and override general state statutes. Accordingly, we hold that express charter language is required to enable a municipality to exercise local self-government powers in a manner contrary to state civil service statutes." *Id.* at 110, 524 N.E.2d at 451.

In *State ex rel. Habe v. South Euclid* (1990), 56 Ohio St.3d 117, 564 N.E.2d 483, the court followed *Bardo* and found that R.C. 124.44 prevailed over a civil service commission rule. In *Habe*, the Charter authorized the commission to make rules, but "the authority to deviate from the statutory standard was not expressly set forth in the South Euclid Charter." *Id.* at 118, 564 N.E.2d at 485.

Appellee argues that *Bardo* was impliedly overruled by *State ex rel. East Cleveland Assn. of Firefighters v. East Cleveland* (1988), 40 Ohio St.3d 222, 533 N.E.2d 282. However, *Habe, supra,* indicates that *Bardo* is still good law. Furthermore, *East Cleveland* is distinguishable. In *East Cleveland,* the municipality did not merely delegate authority to a civil service commission to make rules, but enacted municipal ordinances detailing promotion procedures in conflict with state law. The court stated that these ordinances "constitute a proper exercise of * * * home rule authority, and thus supersede the provisions of R.C. Chapter 124." *Id.* at 224, 533 N.E.2d at 284. See, also, *Ohio Assn. of Pub. School Emp., Chapter No. 471 v. Twinsburg* (1988), 36 Ohio St.3d 180, 522 N.E.2d 532 (ordinance enacted by charter municipality held to supersede conflicting state law); and *Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 15 O.O.3d 450, 402 N.E.2d 519 (noncharter municipality has the power to enact ordinances regarding local self-government in conflict with state law).

In this case, the Maple Heights Charter delegates rulemaking authority to the civil service commission regarding promotional exams. Neither the Maple Heights Charter nor any Maple Heights ordinances enacted pursuant to Maple Heights' power of local self-government specify that Maple Heights' police promotional exams shall include an oral component. Therefore, R.C. 124.-31(B), requiring a written exam, controls. Maple Heights acted contrary to state law by administering a police promotional exam that was oral in part. Appellant's second assignment of error is well taken.

## III

Appellant's third assignment of error reads as follows:

"The trial court erred in finding that the oral portion of the police promotion examination qualified as a competitive examination in accordance with Ohio law."

■ Terry Everiss, Chairman of the Maple Heights Civil Service Commission, stated in his deposition that Maple Heights adopted the oral portion of the police promotional exam in response to a study which indicated that written tests alone do not test the skills sought in candidates for promotion. Everiss stated that the purpose of the exam, including the oral portion, is to impartially evaluate ability in interpersonal relationships and supervisory capacity. He also stated that the exam is prepared, administered and graded by an outside testing service.

Appellant objects to the more flexible and subjective nature of the oral exam. The trial court rejected this argument, finding that "the plaintiff failed to prove that the examination is administered in an unfair manner, that the results are manipulated, or that the examination does not accurately reflect the candidate's qualification for the job as compared to other candidates."

According to the description of the exam and its purpose, and the impartial manner in which it is administered, we agree with the trial court that appellant failed to prove that the test is not competitive. Appellant's third assignment of error is without merit.

Accordingly, we reverse judgment for the appellees and enter judgment for appellant. Maple Heights is not authorized to administer a police promotion exam including an oral component without amending its charter or enacting ordinances which specifically provide for the oral component.

*Judgment reversed.*

PATTON and PATRICIA A. BLACKMON, JJ., concur.