THE STATE EX REL. LIGHTFIELD, APPELLANT, *v.*
VILLAGE OF INDIAN HILL ET AL., APPELLEES.

[Cite as *State ex rel. Lightfield v. Indian Hill* (1994), 69 Ohio St.3d 441.]

(No. 93–227—Submitted January 26, 1994—Decided June 15, 1994.)

*Wood & Lamping, Eric C. Holzapfel* and *C.J. Schmidt,* for appellant.

*Frost & Jacobs, Donald L. Crain* and *William L. Sennett,* for appellees.

FRANCIS E. SWEENEY, SR., J.  The main issue before this court is whether the Indian Hill Charter expressly conflicts with R.C. 124.44 regarding police promotions such that it supersedes R.C. 124.44.  For the following reasons, we answer "no" and, accordingly, reverse the judgment of the court of appeals.

In order for a court to issue a writ of mandamus, the relator is required to prove that the relator has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the act, and that relator has no plain and adequate remedy at law.  *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81.

R.C. 124.44 governs the promotion of patrolmen and provides that the highest ranked applicant from a merit examination eligibility list must be the person promoted to any vacancy.  Appellant argues that the Indian Hill Charter does not expressly conflict with the promotion scheme of R.C. 124.44 and, thus, R.C. 124.44 applies here.  Since appellant was certified first on the eligibility list, he has a clear legal right to be promoted to lieutenant.  We agree with appellant.

The Home Rule Amendment to the Ohio Constitution governs the respective legislative roles of the state and its municipalities.  Section 3, Article XVIII, Ohio Constitution.  In matters of local self-government, if a portion of a municipal charter expressly conflicts with a parallel state law, the charter provisions will prevail.  Sections 3 and 7, Article XVIII, Ohio Constitution; *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 108–109, 524 N.E.2d 447, 450–451.  The appointment of officers to a municipality's police force is an exercise of local self-government within the meaning of the Ohio Constitution.  *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722.  In order for the municipal charter to supersede the state law regarding police promotions, the conflicts must be in the "express * * * language" of the charter and not by mere inference.  *Bardo, supra,* 37 Ohio St.3d at 110, 524 N.E.2d at 451.  Furthermore, while the express language of a charter may nullify a state civil service law, express charter authorization is necessary to enable municipalities to adopt ordinances or administrative rules that will prevail over statutory provisions in case of conflict.  *Id.*

A municipality must clearly and expressly state the areas where the municipality intends to supersede and override general state statutes. *Id.* In *Bardo,* the city charter gave the civil service commission the duty to provide "for the ascertainment of merit and fitness as the basis for appointment and promotion." *Id.* at 109, 524 N.E.2d at 451. We concluded that this charter language did not expressly authorize the adoption of rules with regard to certification of names from promotion lists and, thus, the charter did not supersede the requirements of R.C. 124.44 as to certification of candidates from eligibility lists. Similarly, in *State ex rel. Habe v. S. Euclid* (1990), 56 Ohio St.3d 117, 564 N.E.2d 483, this court held that the city of South Euclid Charter did not supersede R.C. 124.44 because, when the appointments were made, the charter contained no language regarding promotions from certified lists.

In the present case, Section 25 of the Indian Hill Charter deals with promotions and, in language similar to that in *Bardo,* authorizes council to "establish general rules requiring that all such appointments and promotions shall be made by the village mayor according to merit and fitness * * *." This charter language makes only general statements regarding the promotion of Indian Hill employees and the promulgation of rules to facilitate the promotion of employees. Therefore, since the Indian Hill Charter does not contain express language authorizing the adoption of rules with regard to the certification of names from promotion lists, neither the charter nor the personnel rules supersede the requirements of R.C. 124.44 as to certification of candidates from eligibility lists.

Since the requirements of R.C. 124.44 apply, we hold that appellant has a clear legal right to be promoted and appellees were under a clear legal duty to promote appellant. Further, appellant has no other plain and adequate remedy at law.

Accordingly, we reverse the judgment of the court of appeals and issue a writ of mandamus ordering the appellees, village of Indian Hill and Michael W. Burns, to promote appellant to the position of lieutenant in the Indian Hill Police Department.

*Judgment reversed*
*and writ allowed.*

Douglas, Resnick and Pfeifer, JJ., concur.

Moyer, C.J., Brogan and Wright, JJ., dissent.

James A. Brogan, J., of the Second Appellate District, sitting for A.W. Sweeney, J.

Moyer, C.J., dissenting. Because the trial court did not err in granting summary judgment for the village of Indian Hill and because the court of appeals was correct in affirming the judgment of the trial court, I respectfully dissent

from the judgment and opinion of the majority. The law to be applied in determining whether a village charter expressly conflicts with R.C. 124.44 has been correctly stated by the majority. It is in the application of the law to the Charter of the village of Indian Hill that I disagree with the majority opinion.

The policy of the law clearly reflects the fact that persons who reside in municipalities or villages should control those matters of government that are of most interest to them. Such home-rule philosophy is the reason Sections 3 and 7 of Article XVIII of the Ohio Constitution and this court in cases such as *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 524 N.E.2d 447, provide that in matters of local self-government, if a portion of a municipal charter expressly conflicts with a parallel statute, the charter provisions prevail.

The appointment of officers to the police force of a municipality is an exercise of local self-government within the meaning of the Ohio Constitution. *State ex rel. Canada v. Phillips* (1988), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722.

A review of the three leading cases on the subject can lead to no other conclusion than that the citizens of Indian Hill intended that the charter of their village, with respect to promotion of law enforcement officers, supersede state law. In *Bardo, supra*, we held that although the charter authorized rule-making authority in the "areas where the municipality intends to supersede" state law, it also provided that the mayor's powers were "subject to * * * the laws of Ohio." The court concluded that state law superseded the charter. *Id.*, 37 Ohio St.3d at 110, 524 N.E.2d at 451.

In *State ex rel. Habe v. S. Euclid* (1990), 56 Ohio St.3d 117, 564 N.E.2d 483, the amended charter gave the mayor the authority to promote police applicants from a list of three persons who obtained the highest rating by the civil service commission but did not subject the mayor's powers to the laws of Ohio; we held the charter superseded R.C. 124.44.

In *State ex rel. E. Cleveland Assn. of Firefighters v. E. Cleveland* (1988), 40 Ohio St.3d 222, 533 N.E.2d 282, we held that the charter conflicted with and superseded state law because it enabled the city to promote fire fighters in a manner contrary to R.C. 124.46.

In the present case, the Indian Hill Charter authorizes rule-making authority by directing the village council to "establish general rules" regarding promotions and appointments. Section 25, Indian Hill Charter. Significantly, the authority is given in the specific area of police promotions through the reference of "all subordinates and employees in the service of the village." *Id.*

The conflict between state law and the rules adopted pursuant to Section 25 of the Indian Hill Charter is specific and direct. The promotion process provided by R.C. 124.44 requires that all vacancies above the rank of patrolman be filled by

promotion, not appointment. Section 25 of the Indian Hill Charter provides as follows:

"The village manager shall appoint for an indefinite term and may promote all subordinates and employees in the service of the village, except as otherwise prescribed in this Charter. Council shall by ordinance establish general rules requiring that all such appointments and promotions shall be made by the village manager according to merit and fitness, and he shall issue regulations to facilitate the administration of such general rules. This section and the ordinances and regulations pursuant thereto shall be exclusive as to the personnel and civil service of the village. Any officer, subordinate, or employee appointed by the village manager may be laid off, suspended, reduced in rank, or removed by the village manager, and his action shall be final."

The citizens of Indian Hill have expressed their clear intent through their charter that they wish to vest in the city manager the authority to appoint and promote all subordinates and employees who work for the village. They exercised their home-rule power, and this court should not thwart their clear intent by requiring an adherence to the use of certain words that we have determined are the exclusive indicators of the citizens' intentions.

Because I believe the trial court was correct and the opinion of the court of appeals followed the law we have announced on the issue, I would affirm the decision of the court of appeals.

BROGAN and WRIGHT, JJ., concur in the foregoing dissenting opinion.