OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Hipp, Appellant, v. City of North Canton et
al., Appellees.
[Cite as State ex rel. Hipp v. N. Canton (1994),      Ohio
St.3d       .]
Mandamus to compel appointment to vacant police lieutenant's
     position -- Dismissal of complaint by court of appeals an
     abuse of discretion, when.
     (No. 93-1867 -- Submitted May 16, 1994 -- Decided August
24, 1994.)
     Appeal from the Court of Appeals for Stark County, No.
CA-9374.
     On June 2, 1993, appellant, Mark Hipp, filed a complaint
in mandamus in the Court of Appeals for Stark County, alleging
that appellees, the Mayor, Director of Administration, and
Civil Service Commission of North Canton failed to appoint him
to a vacant lieutenant's position on the North Canton police
force to which he was entitled under R.C. 124.44.  He requested
appointment to the position, back pay, attorney fees, costs,
and other appropriate relief.
     On July 19, 1993, by leave of court, the appellees filed
an answer denying that appellant was entitled to the
appointment and suggesting five adequate legal remedies
available to appellant:
     (1) declaratory judgment;
     (2) equitable relief;
     (3) administrative remedies under applicable collective
bargaining agreement;
     (4) a grievance procedure pursuant to civil service
commission rule; and
     (5) "protest procedure" pursuant to rule and ordinance.
     On July 22, 1993, the court of appeals dismissed the
complaint, stating:
     "Petition for a writ of mandamus is dismissed.  Relator
has an adequate remedy at law."
     On August 17, relator filed a "motion for reconsideration
and/or motion for relief from judgment;" on September 13, the
court of appeals overruled that motion without illuminating its
decision; and on August 19, 1993, appellant filed his notice of

appeal in that court.

The cause is before this court upon an appeal as of right.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala and Anthony M. DioGuardi II, for appellant.

Ray H. Battista, Director of Law, for appellees.

Per Curiam. For the following reasons, we reverse and remand the cause to the court of appeals. Appellant argues that a court may never dismiss a complaint summarily on a matter of law. However, we approach the issue as one of abuse of discretion. In State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph ten of the syllabus, we stated that on appeal we will review the judgment of the court of appeals to determine, among other things, "[w]hether on the question of the allowance or denial of the writ on the merits, the Court of Appeals abused its discretion."

In the instant case the dismissal upon a finding of adequate remedy at law is a decision on the merits, the lack of an adequate remedy at law being an element necessary for issuance of a writ of mandamus. Moreover, Civ. R. 41(B)(3) (involuntary dismissal; adjudication on the merits) states:

"A dismissal under this subdivision [i.e., subdivision (B)] and any dismissal not provided for in this rule except as provided in subsection (4) of this subdivision [dismissal for lack of jurisdiction or failure to join a party], operates as an adjudication upon the merits, unless the court in its order for dismissal, otherwise specifies." (Emphasis added.)

Thus, the dismissal in the instant case after the pleadings were filed is on the merits, since such a dismissal is not provided for in Civ. R. 41 and the court of appeals did not specify otherwise than on the merits in its entry.

Given only the pleadings in this case, with no information as to the contents of any collective bargaining agreement, grievance procedure, or protest procedure, we fail to see how the court of appeals could have perceived that appellant had an adequate legal remedy. We have previously approved mandamus as the remedy for wrongful denial of promotion cases, State ex rel. Bardo v. Lyndurst (1988), 37 Ohio St.3d 106, 524 N.E.2d 447, and more recently yet, for wrongful-denial-of-promotion and back pay with interest in a case involving the same city police department as in the instant case, affirming in part the allowance of the writ compelling appointment by the same court of appeals. State ex rel. Bednar v. N. Canton (1994), 69 Ohio St.3d 278, 631 N.E.2d 621. Accordingly, we find that the court of appeals abused its discretion by summarily dismissing the case on the merits.

In his second proposition of law, appellant argues that R.C. 124.44 requires his promotion because R.C. 124.31 does not permit an oral examination, which, he alleges, was used in denying his promotion. Appellees argue that 124.31 does permit seniority credit which, apparently, they wish to invoke to justify not promoting appellant. Both arguments are premature here. They are the arguments, supported by evidence, that the court of appeals should have heard before deciding the case.

In his third proposition of law, appellant argues that

mandamus will compel his appointment; appellees argue that injunction is an adequate legal remedy. To get the relief he seeks, appellant would need a mandatory injunction, which this court has stated is not an adequate legal remedy that will preclude mandamus. State ex rel. Pressley, supra.

In his fourth proposition of law, appellant argues that the court of appeals' summary dismissal denies him due course of law under Section 16, Article I of the Ohio Constitution. Since we grant appellant relief under his first proposition of law, we decline to reach the constitutional issue when there is no need to do so. State ex rel. Herbert v. Ferguson (1944), 142 Ohio St. 496, 27 O.O. 415, 52 N.E.2d 980, paragraph two of the syllabus.

The judgment of the court of appeals is reversed and the cause is remanded for further proceedings in that court.

Judgment reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.