[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 221.]

THE STATE EX REL. HIPP, APPELLANT, *v*. CITY OF NORTH CANTON ET AL.,
APPELLEES.

[Cite as *State ex rel. Hipp v. N. Canton*, 1996-Ohio-225.]

*Mandamus to compel North Canton and civil service commission to promote patrolman to lieutenant with back pay—Writ denied, when.*

(No. 95-934—Submitted February 6, 1996—Decided March 5, 1996.)

APPEAL from the Court of Appeals for Stark County, No. CA 9374.

_____

{¶ 1} Appellee city of North Canton has employed appellant, Mark Hipp, as a patrolman in its police department since 1984. In 1990, appellee North Canton Civil Service Commission ("commission") administered a promotional examination for the position of lieutenant in the North Canton Police Department. Hipp was certified third on a July 5, 1990 promotion eligibility list for lieutenant. On June 4, 1991, the person who had been ranked first on the eligibility list was promoted to lieutenant. The commission passed a resolution shortly thereafter which extended the effectiveness of the 1990 promotion eligibility list to July 5, 1992.

{¶ 2} On June 2, 1992, a lieutenant retired. Eventually, Greg Bednar, who had been certified second on the July 5, 1990 eligibility list, was ordered to be appointed to fill the June 2, 1992 vacancy. *State ex rel. Bednar v. N. Canton* (1994), 69 Ohio St.3d 278, 631 N.E.2d 621.

{¶ 3} Prior to the expiration of the July 5, 1990 eligibility list, the commission scheduled a promotional examination for the position of lieutenant. The examination consisted of a written part administered on May 21, 1992, and an oral part administered on June 13, 1992. Hipp received the fourth highest overall score, but would have placed first if the examination had not contained an oral

portion. Hipp objected to the commission's use of an oral component in the promotional examination.

{¶ 4} On July 23, 1992, another vacancy was created by the promotion of a lieutenant to police chief. Since Hipp did not have one of the top three scores on the 1992 promotional examination, his name was not among the three certified to appellee Mayor William Hines for appointment. A different patrolman was promoted to lieutenant.

{¶ 5} In June 1993, Hipp filed a complaint in mandamus in the Court of Appeals for Stark County, alleging that appellees, North Canton, Mayor Hines, Director of Administration John Boyajian, and the commission and its members and secretary, failed to appoint him to either the June 2 or July 23, 1992 vacancies in the lieutenant position in the North Canton Police Department. Hipp requested appointment to either of the lieutenant vacancies, back pay, attorney fees, and costs. The court of appeals summarily dismissed the complaint on the basis that Hipp had an adequate remedy at law. This court reversed and remanded the cause to the court of appeals. *State ex rel. Hipp v. N. Canton* (1994), 70 Ohio St.3d 102, 637 N.E.2d 317.

{¶ 6} On remand, Hipp filed an amended complaint which requested the same relief, *i.e.,* promotion to lieutenant and back pay, and further requested "such further relief as th[e] Court deems just and equitable." The parties filed motions for summary judgment and submitted evidence. Hipp requested in his arguments in the court of appeals, as an alternative to appointment to one of the specified lieutenant vacancies, that the court order appellees "to re-test for the position of Lieutenant using only a written examination and appoint the person having the highest eligible score." The court of appeals granted appellees' summary judgment motion, overruled Hipp's motion, and denied the writ.

{¶ 7} The cause is now before this court upon an appeal as of right.

———————————

*Ronald G. Macala* and *Anthony M. DioGuardi*, *II*, for appellant.

*Roy H. Batista*, North Canton Director of law, for appellees.

———————————

***Per Curiam.***

{¶ 8} Hipp asserts in his propositions of law that the court of appeals erred in granting appellees' motion for summary judgment and denying the requested writ of mandamus.

{¶ 9} Mandamus is an appropriate remedy in wrongful-denial-of-promotion cases. *Hipp*, *supra*, 70 Ohio St.3d at 103, 637 N.E.2d at 319. In order to be entitled to a writ of mandamus regarding his claim for appointment, Hipp had to establish a clear legal right to promotion to lieutenant and back pay, a clear legal duty on the part of appellees to provide the foregoing, and that he had no plain and adequate remedy in the ordinary course of law. *State ex rel. Lightfield v. Indian Hill* (1994), 69 Ohio St.3d 441, 442, 633 N.E.2d 524, 525-526. In addition, Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192.

{¶ 10} Hipp asserts that the oral component of the 1992 promotional examination was invalid under pertinent civil service statutes and that he therefore received the highest score and was entitled to promotion to lieutenant under R.C. 124.44. Hipp claims that he should have been appointed to fill either the June 2 or July 23, 1992 vacancies in the position of lieutenant in the North Canton Police Department.

{¶ 11} As to the June 2, 1992 vacancy, the evidence is uncontroverted that the July 5, 1990 eligibility list was in effect until July 5, 1992. Hipp does not contend that the 1990 promotional examination that produced the July 5, 1990 list contained an oral component or was otherwise invalid. Bednar, who was ranked higher on that list than Hipp, was eventually ordered promoted to fill the June 2 vacancy. *Bednar, supra*. Assuming, as Hipp contends, the applicability of R.C. 124.44, Bednar was entitled to the position. Therefore, the court of appeals correctly determined that even after construing the evidence most strongly in Hipp's favor, appellees were entitled to summary judgment because Hipp had no clear legal right to the June 2, 1992 vacancy.

{¶ 12} Unlike the June 2 vacancy, the July 23, 1992 vacancy occurred following the expiration of the July 5, 1990 eligibility list. As noted previously, Hipp relies on R.C. 124.44, which provides:

"*** Whenever a vacancy occurs in the position above the rank of patrolman in a police department, and there is no eligible list for such rank, the municipal *** civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination. After such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification. ***"

"All examinations for promotions shall be competitive and be in writing." R.C. 124.31(B). Construing R.C. 124.31(B) and 124.44 *in pari materia*, police promotional examinations must be in writing. *Fraternal Order of Police, Lodge No. 67 v. Maple Heights* (1991), 77 Ohio App.3d 674, 676, 603 N.E.2d 291, 292; see, also, *State ex rel. Campbell v. Whitehall Mun. Civ. Serv. Comm.* (1978), 53 Ohio St.2d 114, 116, 7 O.O.3d 190, 191, 372 N.E.2d 606, 607 (promotional examination for police chief properly voided by civil service commission where it

included an oral test); *State ex rel. Ethell v. Hendricks* (1956), 165 Ohio St. 217, 223, 59 O.O. 298, 301-302, 135 N.E.2d 362, 366 (promotional examination for police chief which contains oral portion is unlawful).

{¶ 13} Hipp claims entitlement to a writ of mandamus compelling his appointment to the July 23, 1992 vacancy because he received the highest score on the written portion of the 1992 promotional examination. However, assuming the invalidity of the oral component of that examination, he would still not be entitled to appointment and back pay. As stated in *Ethell, supra*, 165 Ohio St. at 223, 59 O.O. at 302, 135 N.E.2d at 366:

"As there are many varying methods of setting up examinations and weighting the questions asked, the examination in question must be viewed from the standpoint of the civil service commission which gave it, and it is apparent that it was considered as a single examination having multiple parts, written, oral, and predetermined credit for seniority. Viewed in such a manner, it follows necessarily that if one part of such an examination is unlawful then the whole examination must fail, and it is not possible to consider merely the written portion thereof and decide from that who is entitled to the promotion for which the examination was given." See, also, *Campbell* and *Fraternal Order of Police, supra*.

{¶ 14} An additional reason for the denial of Hipp's request for a writ of mandamus compelling his promotion to the July 23, 1992 vacancy and back pay is that raised by appellees and relied on by the court of appeals, *i.e.*, that North Canton Ordinance No. 31-86 conflicts with and supersedes R.C. 124.44.

{¶ 15} The Home Rule Amendment to the Ohio Constitution authorizes municipalities to "exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. The appointment of officers within a city's police department constitutes an exercise of local self-government within the meaning of the Home

Rule Amendment. *State ex rel. Regetz v. Cleveland Civ. Serv. Comm.* (1995), 72 Ohio St.3d 167, 169, 648 N.E.2d 495, 497.

{¶ 16} Section 1.02 of the North Canton City Charter provides:

"The municipality shall have all powers of local self-government and home rule and all powers possible for a municipality to have under the Constitution of the State of Ohio. The municipality shall have all powers that now or hereafter may be granted to municipalities by the laws of the State of Ohio. All such powers shall be exercised in the manner prescribed in this charter, or if not prescribed therein, in such manner as shall be provided by ordinance of council."

{¶ 17} In *Bednar, supra*, 69 Ohio St.3d at 281, 631 N.E.2d at 624, we held Section 1.02 of the North Canton Charter "sufficiently reserve[s] home rule authority to permit enactment of an ordinance at variance with R.C. 124.44 ***." Many matters of local self-government are matters of detail and procedure that are out of place in a charter, which is comparable to a local constitution. *Id.*, citing *Perrysburg v. Ridgway* (1923), 108 Ohio St. 245, 253, 140 N.E. 595, 597; see, also, *State ex rel. E. Cleveland Assn. of Firefighters v. E. Cleveland* (1988), 40 Ohio St.3d 222, 533 N.E.2d 282; *Ohio Patrolmen's Benevolent Assn. v. West Carrollton* (Feb. 2, 1994), Montgomery App. No. 14099, unreported ("Where the intent is generally to have the municipality acquire all of the powers constitutionally available to it, including the power to override State statutes not intended to have general application, we see no compelling reason to require that a laundry list be inserted into the charter reciting every matter in which the municipal legislative authority may override State statutes. Such a charter would be unwieldy and would be likely to confuse the electorate called upon to approve it or, from time to time, to amend it.").

{¶ 18} Hipp acknowledges that the charter permits the city council to enact ordinances which supersede state civil service statutes. Hipp contends that Ordinance No. 31-86 does not contradict R.C. 124.44. Ordinance No. 31-86

6

amended and supplemented Ordinance No. 2195, which sets forth commission rules and regulations, as amended by Section 12 of Rule XII and Section 13 of Rule XIII of Ordinance No. 75-82. Title to Ordinance No. 31-86. More specifically, Ordinance No. 31-86 provides:

"Section 2. That Section 12.1 of Ordinance No.75-82 be, and is hereby amended to read as follows:

"'Section 12.1 Promotional Examination.

"'Upon request for certification, as provided for in Section 12.0, and in the event the eligible list for promotion is exhausted, the Civil Service Commission shall conduct a promotional examination for the purpose of establishing an eligible list for the applicable position, as provided for in Rules X and XI of the within Rules and Regulations.'

"Section 3. That Section 12.2 of Ordinance No. 75-82 be, and is hereby amended to read as follows:

"'12.2 Certification from Eligible List.

"'Upon receipt of a request for certification from the Appointing Authority or upon completion of the promotional examination procedure, the Commission shall certify to the Appointing Authority thereof, the names and addresses of the three (3) applicants standing highest on the eligible lists.'

"***

"Section 7. That Section 13.0(B) of Ordinance No. 75-82, be, and is hereby amended to read as follows:

"'13.0(B) Appointing Authority[.]

"'The Appointing Authority shall fill the vacancy by appointment of one of the applicants certified by the Civil Service Commission unless the applicant is not qualified for appointment or the applicant has requested removal from the eligible list, as set forth in Section 11.6 of the within Rules and regulations.'"

**{¶ 19}** R.C. 124.44 requires that the person at the top of the eligibility list be appointed. Conversely, Ordinance No. 31-86 allows the appointing authority to appoint one of the top three candidates. Hipp argues that there is no conflict because Ordinance No. 31-86 does not apply to promotions to police lieutenant. However, Section 2 of Ordinance No. 31-86 expressly states that the eligible list established by promotional examination shall be "as provided for in Rules X and XI" of Ordinance No. 75-82. Section 10.0 of Rule X provides that the commission "shall conduct promotional examinations for the purpose of establishing an eligible list for positions above the entrance level," and that the commission is notified of any "vacancy in the Classified Civil Service in a position above the rank of patrolman or radio dispatcher ***." Since the position of lieutenant is above the rank of patrolman, Ordinance 31-86 applies to the 1992 promotional examination administered by the commission. Therefore, Ordinance No. 31-86 supersedes R.C. 124.44.

**{¶ 20}** In that Ordinance No. 31-86 allowed the appointing authority to fill the July 23, 1992 vacancy by appointment of one of the top three applicants on the eligibility list, the most that Hipp could establish was a right to have been considered for appointment rather than a right to appointment. Therefore, the court of appeals properly granted appellees' motion for summary judgment as to Hipp's claim for a writ of mandamus compelling his appointment to the July 23, 1992 vacancy.

**{¶ 21}** Hipp also requested below that, alternatively, he was entitled to a writ of mandamus compelling appellees to retest for the position of lieutenant using only a written examination, and to appoint the person having the highest eligible score. Indeed, the main focus of Hipp's alternative argument to the court below, which was not included as a specific request for relief in his amended complaint, was that if the 1992 promotional examination is invalid in its entirety because of its oral component, he would be entitled to promotion based on the July 5, 1990

eligibility list. However, the 1990 list was inapplicable because it had expired at the time of the July 23, 1992 vacancy. Further, assuming that the 1992 examination was invalid due to its inclusion of an oral portion, and a new promotional examination ordered, if Hipp received the top score, he would again only have been entitled to consideration for the appointment under Ordinance No. 31-86, which superseded R.C. 124.44.

{¶ 22} Accordingly, for the foregoing reasons, no genuine issue as to any material fact was raised, and appellees were entitled to judgment as a matter of law. The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____