OPINION
{¶ 1} Appellant, Mike Rappach ("Rappach"), appeals the April 29, 2004 decision of the Trumbull County Court of Common Pleas in an administrative appeal, affirming the refusal of appellee, Liberty Township Civil Service Commission, to appoint him a certified employee in the vacant position of Captain of the Liberty Township Fire Department. For the following reasons, we find that the trial court lacked jurisdiction to consider Rappach's argument regarding his appointment as Captain.
 {¶ 2} On September 20, 2001, Rappach, a twenty-eight year veteran of the Liberty Township Fire Department, took the written promotional examination for the position of Captain of the fire department. In October 2001, the Civil Service Commission advised Rappach that he failed to obtain a passing score on the examination. Rappach objected to the examination results by challenging the fairness of one of the questions. In a letter dated September 9, 2002, the Civil Service Commission informed Rappach that his challenge was denied. On September 17, 2002, Rappach filed his appeal in common pleas court pursuant to R.C. Chapter 2601.
 {¶ 3} On May 21, 2002, Rappach received a memo from Liberty Township Fire Chief, Michael A. Durkin ("Durkin"), the full text of which states: "On May 28 you will go to turn 1 from turn 3. On June 23, 2002 Captain Stauffer will go into the Inspection Bureau, thus creating a Captains opening in suppression. You will then, be appointed Acting Captain until the Captains [sic] vacancy is filled due to the moving of Captain Stauffer into Inspection."
 {¶ 4} Rappach subsequently moved and was granted leave by the trial court to file a supplemental complaint adding a second claim for relief. In the supplemental complaint, filed March 11, 2003, Rappach alleged that, "[a]t all times relevant," he was and is provisional Captain of the Liberty Township Fire Department; that he had recently passed the second of two promotional examinations given for the vacant Captain's position; and that the Civil Service Commission has failed to appoint him as a certified employee in the position of Captain, as required by R.C. 124.26, prior to preparing an eligibility list for that position. For relief, Rappach sought "judgment against the [Civil Service Commission] declaring and determining that he be appointed as a certified employee in the vacant Captain's position before the [Civil Service Commission] prepares an eligibility list for same."
 {¶ 5} On April 29, 2004, the trial court entered judgment in favor of the Civil Service Commission, denying Rappach's claim regarding the results of the promotional exam and request for appointment as Captain. On appeal to this court, Rappach only challenges the trial court's ruling in regard to his appointment as Captain. His sole assignment of error provides: "The trial court erred in entering `administrative appeal' judgment in Defendant-Appellee's favor below."
 {¶ 6} We begin by making two observations. The first is that there is no inherent or inalienable right to appeal the decision of an administrative agency; such right only exists as conferred by statute.Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals,91 Ohio St.3d 174, 177, 2001-Ohio-24; Section 4(B), Article IV, Ohio Constitution ("[t]he courts of common pleas * * * shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law"). The second is that the issue of the lower court's subject matter jurisdiction can be raised at any time in the proceedings, including for the first time on appeal by the appellate court. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236, 238, overruled on other grounds by Manning v. Ohio State Library Bd. (1991),62 Ohio St.3d 24, paragraph one of the syllabus; Civ.R.12(H)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").
 {¶ 7} Revised Code 2506.01 provides that "[e]very final order, adjudication, or decision of any * * * commission * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in the principal office of the political subdivision is located * * *." A "final order, adjudication, or decision" is defined as "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *." R.C.2506.01. "The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01." M.J. Kelley Co.v. Cleveland (1972), 32 Ohio St.2d 150, paragraph one of the syllabus.
 {¶ 8} In the present case, the failure to appoint Rappach as Captain was not a "final order, adjudication, or decision" of the Civil Service Commission resulting from quasi-judicial proceedings. The Civil Service Commission has simply failed to perform an act that Rappach believes it is obligated to perform. Accordingly, the common pleas court has no jurisdiction under R.C. 2501.01 to hear Rappach's appeal of this issue. The correct action to enforce a public official's performance of a legal duty is mandamus. Cf. State ex rel. Hipp v. N. Canton, 75 Ohio St.3d 221,222, 1996-Ohio-225 ("[m]andamus is an appropriate remedy in wrongful-denial-of-promotion cases") (citation omitted).
 {¶ 9} For the foregoing reasons, we find that the Trumbull County Court of Common Pleas lacked jurisdiction to hear Rappach's second claim for relief contained in the supplemental complaint. Accordingly, we reverse the lower court's April 29, 2004 judgment entry with respect to Rappach's second claim and only claim challenged on appeal. This matter is remanded with instructions for the lower court to vacate its judgment entry and dismiss the appeal with respect to Rappach's second claim for relief.
Ford, P.J., Rice, J., concur.