[Cite as *In re Admin. Appeal Decision Issued by Ohio Dept. of Job & Family Servs. Bur. of State Hearings*, 2013-Ohio-2817.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| IN RE APPEAL OF: | : | **O P I N I O N** |
| ADMINISTRATIVE APPEAL DECISION ISSUED BY OHIO DEPARTMENT OF JOB & FAMILY SERVICES BUREAU OF STATE HEARINGS | : : : | **CASE NO.  2012-A-0058** |

Administrative Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CV 1095.

Judgment:  Affirmed.

*Polly A. Clay*, pro se, 2429 Netcher Road, Jefferson, OH 44047 (Appellant).

*Mike DeWine*, Ohio Attorney General, and *Rebecca L. Thomas*, Assistant Attorney General, State Office Tower, 30 East Broad Street, 26th Floor, Columbus, OH 43215 (For Appellee-Ohio Department of Job and Family Services).

DIANE V. GRENDELL, J.

{¶1}  Appellant, Polly Anne Clay, appeals from the Judgment Entry of the Ashtabula County Court of Common Pleas, dismissing her administrative appeal from a decision of the Ohio Department of Job and Family Services (ODJFS) Bureau of State Hearings, due to a lack of subject matter jurisdiction.  The issue to be determined by this court is whether a trial court has jurisdiction to hear an appeal from a ruling by the ODJFS on a child support arrears matter.  For the following reasons, we affirm the decision of the court below.

{¶2} On July 12, 2011, Clay requested a State Hearing from the ODJFS in relation to a child support action, challenging the manner in which the Cuyahoga County Child Support Enforcement Agency (CSEA) handled the disbursement of child support payments owed to her by her child's father.

{¶3} On October 18, 2011, the ODJFS Bureau of State Hearings issued a State Hearing Decision, noting that Clay "questioned the disbursement of payments and calculation of child support arrears owed to her." In its Findings of Fact, the hearing officer found that a September 7, 2007 Order of the Cuyahoga County Juvenile Court terminated child support payments, based on Clay's child's emancipation, and ordered a support arrearage to be paid to Clay, which was based on the findings and recommendations of the CSEA. The Decision concluded Clay had not objected to the Cuyahoga Court Order and the arrears amount had been established by that Order. The hearing officer found that the CSEA was bound by that Order. The hearing officer recommended overruling the appeal.

{¶4} On November 4, 2011, an Administrative Appeal Decision was issued, affirming the Hearing Decision. At the end of that Decision, a "Notice to Appellant" section was included, stating that "[a]n Appellant who disagrees with this decision may appeal it to the court of common pleas pursuant to sections 119.12 and 5101.35(E) of the Revised Code."

{¶5} On December 2, 2011, Clay filed a notice of appeal in the Ashtabula County Court of Common Pleas, appealing from the November 4 Administrative Appeal Decision.

{¶6} ODJFS filed a Motion to Dismiss on December 27, 2011, arguing that the court lacked jurisdiction to hear the appeal, since the Ohio Revised Code does not provide for judicial review of decisions rendered by the ODJFS Bureau of State Hearings on child support matters. A response was filed by Clay on March 14, 2012, asserting that parties adversely affected by agency orders can appeal such orders to the court of common pleas.

{¶7} On November 19, 2012, the lower court issued a Judgment Entry, holding that the director of Job and Family Services has the authority to adopt administrative rules for appeals of CSEA decisions and that, under the Ohio Administrative Code, judicial review does not apply to this matter. It further held that appeals "involving the child support program are limited to the administrative process." It granted the Motion to Dismiss the appeal for lack of subject matter jurisdiction.

{¶8} Clay timely appeals and raises the following assignment of error:

{¶9} "The trial court committed prejudicial error in granting defendant-appellee's ODJFS' motion for summary judgment based upon its opinion that R.C. 119.12 and R.C. 5101.35(E) (appeals by applicants, participants, and recipients) is boilerplate language that is attached to every administrative appeal decision that ODJFS makes and therefore is not subject to appeal. The vast majority of these decisions are in fact appealable to court under R.C. 5101.35."

{¶10} In her sole assignment of error, Clay argues that she had the right to judicial review of the child support matter and that such right is provided by law since, pursuant to R.C. 119.12, a party adversely affected by an agency order may appeal to

3

the court of common pleas. She also argues there is support for an appeal under R.C. 5101.35(E).

{¶11} ODJFS argues that an appeal to the court of common pleas in this matter was not provided for by law, as is required by Article IV, Section 4(B) of the Ohio Constitution. It also asserts that the Ohio Administrative Code recognizes the unavailability of judicial review in the court of common pleas of child support related matters before the ODJFS.

{¶12} "R.C. 119.12 sets forth a specific standard of review for administrative appeals; namely, a court of common pleas must affirm the decision of an administrative agency when that decision is supported by reliable, probative, and substantial evidence and is in accordance with the law." *Ruckstuhl v. Ohio Dept. of Commerce*, 11th Dist. No. 2008-G-2873, 2009-Ohio-3146, ¶ 19, citing *Lomaz v. Ohio Dept. of Commerce*, 11th Dist. Nos. 2004-P-0071 and 2004-P-0072, 2005-Ohio-7052, ¶ 17. "Appellate review is limited to determining whether the trial court abused its discretion in finding the board's decision was supported by reliable, probative and substantial evidence." (Citation omitted.) *Ruckstuhl* at ¶ 51.

{¶13} The lower court in this instance, however, did not reach the merits of the case. Instead, it dismissed the appeal for a lack of subject matter jurisdiction. "The issue of a court's subject-matter jurisdiction in a particular case is a question of law, which is reviewed under a de novo standard." *In re Palcisco*, 11th Dist. No. 2012-T-0031, 2012-Ohio-6134, ¶ 9, citing *Burns v. Daily*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (11th Dist.1996).

**{¶14}** Regarding a party's right to an administrative appeal, courts of common pleas only have "such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B). "[T]here is no inherent or inalienable right to appeal the decision of an administrative agency; such right only exists as conferred by statute." *Rappach v. Liberty Twp. Civil Serv. Comm.*, 11th Dist. No. 2004-T-0046, 2005-Ohio-3088, ¶ 6, citing *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001). Therefore, in order for Clay to appeal to the court of common pleas, we must determine that there was statutory support for the appeal.

**{¶15}** Clay appears to argue that R.C. 119.12 alone provides support for her ability to appeal to the court of common pleas. R.C. 119.12 states that "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license * * *, or revoking or suspending a license, or allowing the payment of a forfeiture * * * may appeal from the order of the agency to the court of common pleas of the county * * * in which the licensee is a resident." The adjudication in the present matter did not involve the denial of admission to an examination or a licensure issue, such that an appeal to Ashtabula County was authorized under R.C. 119.12.

**{¶16}** R.C. 119.12 further provides that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county." Clay emphasizes in her brief that "any person affected by any order of an agency" may appeal to the court of common pleas of Franklin County. However, this provision clearly does not apply to the present matter,

5

since the appeal was initiated in the Ashtabula County Court of Common Pleas. Moreover, R.C. 119.01(A)(2) notes that the ODJFS is considered an agency for the purposes of R.C. 119.12 only with respect to the adoption or amendment of certain rules, or in issuing or cancelling licenses, which did not occur in the present matter. Since R.C. 119.12 does not provide the basis for an administrative appeal, another statute must provide authority for Clay's appeal in this matter for jurisdiction to exist.

{¶17} The other statute Clay argues may provide authority for her appeal is R.C. 5101.35. This statute does allow for an appeal to a court of common pleas from an administrative decision of the ODJFS under certain circumstances. However, a review of the statute reveals that it does not provide authority for the appeal in this matter. Pursuant to R.C. 5101.35(A)(2), an appellant is "an applicant, participant, former participant, recipient, or former recipient of a family services program." The statute further defines a family services program as certain types of assistance, none of which are related to the circumstances of the present case. *See* R.C. 5101.35(A)(3) (including family services programs such as the supplemental nutrition assistance program and payments for foster children or to parents of an adoptive child with special needs). Clay cites no case law to support an appeal in her circumstances under this statute. Receiving child support from a child's father through the CSEA is not a family services program. As was noted by the ODJFS, various courts of common pleas have held that they lacked jurisdiction to hear an appeal on child support pursuant to R.C. 5101.35. *See Love v. Dir., Ohio Dept. of Job and Family Servs.*, Montgomery C.P. No. 2006-CV-0400 (Aug 2, 2006) ("the power to review the Administrative decisions of the Ohio Department of Job and Family Services * * * concerning child support services is not

6

within the jurisdiction of this Court"); *Lipscomb v. Ohio Dept. of Job and Family Servs.*, Butler C.P. No. CV 2010 04 1834 (July 1, 2010) ("appeals to this Court regarding child-support services are not authorized by R.C. 5101.35").

{¶18} Under the Ohio Administrative Code, in matters involving appeals related to family services program benefits, pursuant to R.C. 5101.35, or child support services, pursuant to R.C. 3125.25, "[i]ndividuals who disagree with an administrative appeal decision have the right to appeal that decision to the court of common pleas." Ohio Adm.Code 5101:6-9-01(A)(1); Ohio Adm.Code 5101:6-1-01(A). One exception is that "[j]udicial review does not apply to appeals involving the child support program, except for appeals that involve the child support disregard payment."[1] Ohio Adm.Code 5101:6-9-01(A)(1)(b). We note that R.C. 3125.25(D) mandates that the "director of job and family services shall adopt rules * * * governing the operation of support enforcement by child support enforcement agencies," including "[p]rovisions for appeals of agency decisions under procedures established by the director." Therefore, it is proper for child support matters to be excluded from appeals to the court of common pleas under the Administrative Code.

{¶19} In this case, the appeal dealt directly with child support owed by the child's father to Clay, paid through CSEA. This falls under the scope of a child support matter, which is specifically excluded from the appellate process in the court of common pleas. As stated by Ohio Adm.Code 5101:6-7-01 and 5101:6:8:01, however, a party has the

---

1. Child support disregard payments are not cited in any case law that this court found, but appear to deal with family services programs related to the foster care system. *See* Appendix A to Ohio Adm.Code 5101:2-47-14.1, which deals with **"Title IV-E Foster Care Maintenance,"** citing former Ohio Adm.Code 5101:1-23-221(B). It cannot be said that portion of the exception applies in the present matter, nor has Clay provided any support for such a contention.

right to a state hearing and an administrative appeal with the ODJFS, a right which Clay exercised.

{¶20} Finally, although she does not explicitly provide analysis on the matter in her brief, under this assignment of error, Clay also notes that there was "boilerplate language" contained in the Administrative Appeal Decision, stating she had the right to file an appeal. She cites to no authority to support a determination that the inclusion of that language provides her the right to appeal or gives the court of common pleas jurisdiction to consider an appeal it otherwise cannot.

{¶21} Other than the two statutes discussed above, Clay provides no legal support for her appeal to the court of common pleas in this matter. Based on the foregoing, the lower court properly held that it did not have jurisdiction to consider the administrative appeal under the circumstances of this case.

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, dismissing Clay's administrative appeal for lack of subject matter jurisdiction, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

8