484

The STATE ex rel. FINK, Appellant,

v.

CITY OF CINCINNATI et al., Appellees.

[Cite as *State ex rel. Fink v. Cincinnati*, 186 Ohio App.3d 484, 2010-Ohio-449.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090369.

Decided Feb. 12, 2010.

William M. Gustavson, for appellant.

The City Solicitor's Office and Augustine Giglio, for appellees.

Sylvia S. Hendon, Judge.

{¶ 1} Cincinnati Police Lieutenant David Fink filed a complaint in mandamus against the city of Cincinnati and the Cincinnati Civil Service Commission ("the city"), seeking a promotion to the rank of captain. Fink alleged in his complaint that he had been wrongfully denied the promotion. Both Fink and the city filed motions for summary judgment. The trial court granted the city's motion for summary judgment and denied the motion filed by Fink. Fink now appeals.

## Factual Background

{¶ 2} The following facts are relevant to Fink's claim. On September 8, 2007, Captain Stephen Gregoire retired, creating a vacancy at the rank of captain. Because no promotional-eligibility list existed, the city administered exam No. 07–44, pursuant to R.C. 124.44, to generate such a list. The following were the top four finishers on this examination: Lieutenant Michael Neville, Lieutenant Teresa Theetge, Lieutenant Russell Neville, and Fink.

{¶ 3} Michael Neville was promoted to fill the vacancy created by Gregoire's retirement. At the same time, Teresa Theetge was also promoted to the rank of captain. Theetge was not promoted to fill a vacancy. Rather, she was labeled a "dual fill" and was given the same position number as Captain Gene Hamann, who had been on an extended sick leave and unable to perform his duties as a captain. On April 6, 2008, Captain Ken Jones took a deferred retirement. Russell Neville was promoted to fill the vacancy created by Jones's retirement. On August 31, 2008, Captain Gene Hamann retired. No officer was promoted following Hamann's retirement.

{¶ 4} Fink and the city filed competing motions for summary judgment. Fink argued that he had been wrongfully denied a promotion to fill the vacancy at the rank of captain created when Hamann retired. But the city asserted that no vacancy had been created upon Hamann's retirement, because Theetge had already been promoted to fill Hamann's position while he was on sick leave. As we have already stated, the trial court granted the city's motion for summary judgment and denied the motion filed by Fink.

{¶ 5} On appeal, Fink argues in one assignment of error that the trial court erred in denying his motion for summary judgment and in granting the motion for summary judgment filed by the city.

## Standard of Review

{¶ 6} We review a trial court's grant of summary judgment de novo.[1] Summary judgment is appropriately granted when there exists no genuine issue of material

---

1. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party.[2]

{¶ 7} To establish entitlement to a writ of mandamus, a relator must show that he "has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law."[3]

## *Analysis*

{¶ 8} Fink argues that R.C. 124.44 required the city to promote him to the rank of captain following Hamann's retirement.

{¶ 9} As relevant to this case, R.C. 124.44 provides that "[i]f a vacancy occurs in a position above the rank of patrol officer in a police department, and there is no eligible list for such rank, the municipal or civil service township civil service commission shall, within sixty days of that vacancy, hold a competitive promotional examination. After the examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person on the list receiving the highest rating. Upon the certification, the appointing officer shall appoint the person so certified within thirty days from the date of the certification. If there is a list, the commission shall, when there is a vacancy, immediately certify the name of the person on the list having the highest rating, and the appointing authority shall appoint that person within thirty days from the date of the certification."

{¶ 10} Following our review, we conclude that the city fully complied with R.C. 124.44. Because no promotional eligibility list existed when Gregoire retired, the city administered exam No. 07–44. The city then promoted the highest-ranked person on the list when vacancies were created by the retirements of Gregoire and Jones. But, critical to Fink's claim, no vacancy was created upon the retirement of Hamann. Theetge had already been promoted into this position, in anticipation of Hamann's retirement, because Hamann had been unable to perform his duties for medical reasons. Because no vacancy existed at that time, R.C. 124.44 could not have required the promotion of the highest-ranked person, which at that time was Fink.

{¶ 11} Fink next argues that the promotion of Theetge increased the authorized complement of police captains from 16 to 17 because the promotion occurred

2.  *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

3.  *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 107, 524 N.E.2d 447.

when there was no vacancy. Thus, Fink posits, he had to be promoted into Hamann's position or the complement of captains would have been only 16. We disagree. Although Theetge's promotion temporarily resulted in the police force having 17 named captains, the authorized complement was not increased to 17. When promoted, Theetge was assigned the same captain number as Hamann. Theetge performed Hamann's duties because he was on extended sick leave.

{¶ 12} Fink further argues that although the city had labeled Theetge's promotion a "dual fill," this court should treat her promotion as a traditional double fill. If the promotion were considered a double fill, Fink asserts, Theetge could not be assigned to fill a vacancy until an open eligibility list had expired. We are not persuaded by Fink's argument.

{¶ 13} The use of double fills stemmed from a consent decree that the city had entered in 1987 following allegations that it had engaged in a pattern of employment discrimination in its police force. The consent decree required, in an effort to increase the number of minorities in ranked positions, that the city promote a minority for every four white males who were promoted. The promotion of a minority out of order was referred to as a double fill if it increased the complement of a certain position above the authorized number. The consent decree provided that double fills would not fill a vacancy until after the expiration of an open eligibility list.

{¶ 14} But fatal to Fink's assertion, Theetge was not promoted as a double fill. At the time that she was promoted to the rank of captain, Theetge was the highest-ranked person on the eligibility list. She was not skipped over for the promotion of a minority, nor was she promoted because, as a woman, she was a minority. She was promoted to fulfill Hamann's duties because he was on extended sick leave, as was evidenced by the assignment to Theetge of Hamann's captain number.

{¶ 15} Fink did not demonstrate that he had a legal right to a promotion as captain or that the city had a clear legal duty to promote him. Three vacancies became available at the rank of captain, and the three highest-rated persons on an open eligibility list were promoted to fill these vacancies.

{¶ 16} Fink was not entitled to a writ of mandamus compelling his promotion. The trial court properly granted the city's motion for summary judgment and denied the motion filed by Fink. Fink's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

SUNDERMANN, J., concurs.

HILDEBRANDT, P.J., concurs separately.

HILDEBRANDT, Presiding Judge, concurring.

{¶ 17} I write separately because, although the end result here met the underlying intent of R.C. 124.44—the top three police officers on the promotional eligibility list were promoted to fill the first three vacancies—the city failed to follow the proper statutory procedure in promoting its police officers. The city did not have the statutory authority to promote Theetge in December 2007. There was only one vacancy at that time, and it was properly filled by Michael Neville, who had ranked the highest on the promotional eligibility list. And there was no statutory authority for the city to make a "dual fill." Therefore, in December 2007, Theetge should have remained on the promotional eligibility list, in the top ranking spot, until the list had expired or a vacancy became available. If that had been done, she, rather than Russell Neville, would have been promoted when Captain Jones retired. Then, when Captain Hamann retired, Russell Neville would have been promoted. This is the procedure the city was required to follow. Although it did not follow that procedure here, this failure did not prejudice Fink or put him in a worse position than if the city had followed the procedure set forth in R.C. 124.44 from the beginning.