[Cite as *York v. Cincinnati*, 194 Ohio App.3d 517, 2011-Ohio-3921.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| YORK et al., | : | APPEAL NO. C-100614 |
| | | TRIAL NO. A-0606289 |
| Appellees, | : | |
| v. | : | *D E C I S I O N.* |
| CITY OF CINCINNATI, | : | |
| Appellant. | | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 10, 2011

William M. Gustavson, for appellees.

John Curp, City Solicitor, and Augustine Giglio, Assistant City Solicitor, for appellant.

**Hildebrandt, Judge.**

{¶ 1} Defendant-appellant, city of Cincinnati, appeals the summary judgment entered by the Hamilton County Court of Common Pleas ordering the city to promote plaintiffs-appellees, Kevin York and Joseph Richardson, to the rank of police lieutenant.

### Police Promotions:  Double-Fills and Over-Fills

{¶ 2} Promotions in the city's police division are controlled by statute and by a consent decree that the city approved in 1987 to settle allegations of employment

discrimination.[1] Under the consent decree, the consecutive promotion of four white males in any rank requires the promotion of a minority, irrespective of whether a vacancy exists in that rank.[2] The promotion of a minority may thus result in the increase in a certain rank above the authorized complement.[3] Such a minority promotion in a given rank is known as a "double-fill." A double-fill is not absorbed into the regular complement of the rank until after the expiration of the applicable eligibility list.[4]

{¶ 3} A similar procedure applies to those who are added to a rank through court order or through the settlement of a lawsuit with the city. Such additions are referred to as "over-fills" and are also not absorbed into the rank's regular complement until the expiration of the eligibility list.

### Eligibility List 04-19 for Police Lieutenant

{¶ 4} This case concerns the vacancies that existed in the rank of lieutenant between November 2004 and August 2006.

{¶ 5} In 2004, the city approved eligibility list 04-19, which became effective June 30, 2004, and which was ultimately set to expire on August 1, 2006. York was ranked 12th on list 04-19, and Richardson was 13th.

{¶ 6} By November 2004, three vacancies had occurred in the rank of lieutenant and those vacancies had been filled by three white males from the top of the eligibility list. In March 2005, a fourth vacancy was filled by David Fink, a white male who was next on the list.

{¶ 7} The promotion of a fourth consecutive white male triggered the provisions of the consent decree requiring the promotion of a minority. Martin Mack, an African-American man who was fifth on the eligibility list, was promoted as a double-fill on

---

[1] See *State ex rel. Fink v. Cincinnati*, 186 Ohio App.3d 484, 2010-Ohio-449, 928 N.E.2d 1152, ¶ 13.

[2] Id.

[3] Id.

[4] Id.

March 20, 2005.  The Mack promotion raised the number of lieutenants to 44:  43 in the regular complement and one double-fill.

{¶ 8} On July 21, 2005, Lieutenant Howard Rahtz was promoted to the rank of captain, creating a vacancy in the lieutenant rank.  Two days later, Lieutenant Sandra Sizemore retired, creating a second vacancy in the lieutenant rank.

{¶ 9} Then, on August 19, 2005, Michael Fern was promoted to lieutenant after he had settled his lawsuit with the city.[5]  It is undisputed that Fern ranked below York and Richardson on list 04-19.

{¶ 10} On November 23, 2005, three white female officers—Deborah Bauer, Lisa Davis, and Christine Briede—were promoted to lieutenant as a result of a settlement in another lawsuit.  Bauer, Davis, and Briede were sixth through eighth, respectively, on list 04-19.

{¶ 11} Also on November 23, 2005, sergeants Emmett Gladden and Brett Isaac were promoted to lieutenant as court-ordered over-fills.  Gladden and Isaac were 10th and 15th on the eligibility list, respectively.

{¶ 12} Two more retirements occurred in 2006.  When Lieutenant Joe Hall retired on April 18, 2006, Timothy Brown was promoted from the ninth position on the eligibility list.  Lieutenant Robert Ruebusch then announced that he would retire effective July 29, 2006.  Shortly after list 04-19 had expired, the city promoted John Rees, who was number ten on the eligibility list.  After the Rees promotion, numbers one through 11 on the list had been promoted to lieutenant.

### The Claims of York and Richardson

{¶ 13} Thus, upon the expiration of the list, York and Richardson were next in line to be promoted.  The only question was whether any vacancies had remained.

---

[5] For a complete discussion of the issues surrounding Fern's dispute with the city, see *State ex rel. Fern v. Cincinnati*, 161 Ohio App.3d 804, 2005-Ohio-3168, 832 N.E.2d 106.

**{¶ 14}** The answer to that question hinged on the proper characterization of the Mack and Fern promotions. At some point after Mack's promotion to lieutenant, the city determined that Fink had been eligible for promotion to lieutenant from an earlier list. As a result of that change, the city purported to retroactively characterize Mack's promotion to lieutenant as an "in-line" promotion instead of a double-fill, because Mack had been next in line on the eligibility list. And despite Fern's having been promoted following the settlement of his lawsuit, the city apparently maintained that he occupied a regular slot in the complement.

**{¶ 15}** In any event, the city did not make any further promotions after those of Brown and Rees. York and Richardson filed a mandamus action, asserting that two vacancies remained in the rank of lieutenant when eligibility list 04-19 expired. They filed a motion for summary judgment, which the trial court granted.

### The Trial Court's Treatment of the Mack and Fern Promotions

**{¶ 16}** In its first assignment of error, the city contends that the trial court erred in entering summary judgment in favor of York and Richardson. The city argues that there were no vacancies in existence at the time list 04-19 expired, and therefore, it had no duty to promote York and Richardson to the rank of lieutenant.

**{¶ 17}** Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[6] This court reviews a ruling on summary judgment de novo.[7]

---

[6] See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

[7] *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6.

{¶ 18} To establish entitlement to a writ of mandamus, the relator must show that he has a clear legal right to the requested relief, that the respondent has a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law.[8]

{¶ 19} R.C. 124.44, governing promotions in a municipal police department, provides that "[i]f there is [an eligibility] list, the commission shall, when there is a vacancy, immediately certify the name of the person on the list having the highest rating, and the appointing authority shall appoint that person within thirty days from the date of the certification."

{¶ 20} The essence of the city's argument is that the two vacancies claimed by York and Richardson had already been filled by Mack and Fern.

{¶ 21} We first address the argument with respect to Mack. The city contends that because it had retroactively promoted Fink from an earlier eligibility list, the Mack promotion was properly characterized as an "in-line" promotion rather than a double-fill. Accordingly, the city argues, Mack had filled one of the vacancies in the regular complement.

{¶ 22} We find no merit in this argument. Although the city determined that Fink had been entitled to a promotion from an earlier date, the fact remained that he was the fourth consecutive white male to enter the rank of lieutenant and that Mack had been immediately promoted as a double-fill.

{¶ 23} The city has offered no authority for the proposition that it could retroactively alter the character of Mack's promotion to consider it an "in-line" promotion when at the time he was promoted in March 2005, there were no vacancies in the rank. As the trial court properly noted, the re-characterization of Mack's promotion would have required the city to retroactively demote him to the rank of sergeant and then to promote him to lieutenant when the next vacancy arose in July 2005. Otherwise, there would have been an unauthorized expansion of the lieutenant complement. Because Mack's service

---

[8] *State ex rel. Bardo v. Lyndhurst* (1987), 37 Ohio St.3d 106, 107, 524 N.E.2d 447.

records did not reflect such a demotion, he remained in a double-fill position and did not occupy either of the positions sought by York and Richardson.

{¶ 24} The city's argument with respect to Fern also lacks merit. The city apparently maintains, without explanation, that the Fern promotion filled one of the regular vacancies in the lieutenant complement. But this contention is untenable in light of the deposition testimony of Lieutenant Alan March of the police personnel section. March testified that Fern had been promoted to the rank of lieutenant from a previous eligibility list as the result of a settlement of his lawsuit. And it was undisputed that Fern was ranked below York and Richardson on list 04-19, the only list open at the time the promotion was made. Accordingly, Fern was in the position of an over-fill and did not fill either of the vacancies in the regular complement claimed by York and Richardson.

{¶ 25} In sum, the trial court correctly held that there remained two vacancies in the rank of lieutenant and that the right to those vacancies had vested in York and Richardson. Therefore, we overrule the first assignment of error.

**Mootness**

{¶ 26} In its second assignment of error, the city argues that the trial court erred in granting the writ of mandamus because the writ had issued after the expiration of the eligibility list. The city contends that the expiration of the list had rendered the requested relief moot.

{¶ 27} This argument is not well taken. Under R.C. 124.44, the right to a promotion vests in the highest ranked person from the eligibility list when a vacancy occurs.[9] In this case, York and Richardson established that vacancies had occurred while list 04-19 remained in effect and that they had been next in line for promotion when those vacancies had arisen. Thus, the subsequent expiration of the eligibility list did not render their claims moot, and we overrule the second assignment of error.

**Conclusion**

---

[9] See *Sentinel Police Assn. v. Cincinnati* (Apr. 17, 1996), 1st Dist. No. C-940610.

6

**{¶ 28}** The judgment of the trial court is affirmed.

Judgment affirmed.

DINKELACKER, P.J., and CUNNINGHAM, J., concur.

