[Cite as *State ex rel. Kilgore v. Cincinnati*, 2012-Ohio-4406.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO EX REL. DANITA KILGORE, | : | APPEAL NO. C-110007 |
| | | TRIAL NO. A-0811213 |
| | : | |
| Relator-Appellee, | | |
| | : | |
| and | | |
| | : | *O P I N I O N.* |
| STATE OF OHIO EX REL. MICHAEL HUDEPOHL, | : | |
| | : | |
| Relator, | | |
| | : | |
| vs. | : | |
| | | |
| CITY OF CINCINNATI, | : | |
| | : | |
| Respondent-Appellant/Third-Party Plaintiff, | | |
| | : | |
| and | | |
| | : | |
| QUEEN CITY LODGE NO. 69, FRATERNAL ORDER OF POLICE, | : | |
| | : | |
| Third-Party Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 28, 2012

*Manley Burke, LPA, Timothy M. Burke* and *Brennan C. Grayson,* for Relator-Appellee, Danita Kilgore,

*John P. Curp,* City Solicitor*,* and *Augustine Giglio,* for Respondent-Appellant/Third-Party Plaintiff, the City of Cincinnati.

Please note: This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Respondent-appellant/third-party plaintiff, the city of Cincinnati, appeals from the judgment of the Hamilton County Court of Common Pleas granting a writ of mandamus ordering the city to promote relator-appellee, police sergeant Danita Kilgore, to the rank of police lieutenant.  Because Sergeant Kilgore has not demonstrated that a vacancy in the lieutenant ranks existed on or before the original expiration date of promotion eligible list 07-32, she did not have a clear legal right to promotion to a position that did not become vacant until after the expiration of the list, and the city did not have a clear legal duty to promote her.  Therefore, we reverse.

{¶2}    In 2007, Sergeant Kilgore took the promotional examination for police lieutenant.  The Civil Service Commission ("CSC") approved and posted promotion eligible list 07-32.  Sergeant Kilgore was ranked ninth on the list.  The list was set to expire on September 20, 2008.  Most of the sergeants scoring above Kilgore were ultimately promoted or removed from the list.  Shortly before the expiration of list 07-32, Sergeant Kilgore stood as the next available officer in line for promotion.  But the city claimed that no vacancy existed for her to fill in the complement of police lieutenants.

{¶3}    Then Police Chief Thomas H. Streicher, Jr., had described Sergeant Kilgore as having "tremendous leadership traits," and stated that her promotion would be an "excellent move for the City of Cincinnati" and its citizens.  He praised her work as a police officer and as a supervisor.  He also noted that, in light of the "past culture" of the police department, Sergeant Kilgore had demonstrated "tremendous integrity and bravery" when, as a supervisor, she had reported a popular and active leader of the Fraternal Order of Police for a serious unnecessary-force violation.

{¶4}    Prior to the expiration date of list 07-32, the police chief requested that two police lieutenant positions be added to the existing complement, and that two police officer positions be eliminated, thus permitting Sergeant Kilgore and relator Michael

Hudepohl,[1] a police sergeant ranked immediately behind Sergeant Kilgore on the 07-32 promotion list, to be promoted to lieutenant. The chief's request was initially approved by the city manager. The city prepared a "Requisition, Certification and Appointment" form requesting that Sergeant Kilgore be promoted. The form indicated, however, that the promotion was "pending new positions per CSC." The form was signed by the acting police chief and was signed on behalf of the city's civil service secretary. But no further action was taken on the chief's request to promote Sergeant Kilgore in light of an order entered in another case then enjoining any police lieutenant promotions. As part of that litigation, the court had enjoined the city from closing promotions under list 07-32 until December 5, 2008.

{¶5} Before that order expired, Sergeant Kilgore filed this action seeking a writ of mandamus ordering her promotion to lieutenant. Sergeant Kilgore, an African-American female, also brought racial-discrimination claims against the city. In addition, she sought injunctive relief to prevent the closing of the promotion list. On December 4, 2008, pursuant to Civ.R. 65(A), the trial court granted a temporary restraining order to preserve the status quo. The court's entry ordered that list 07-32 should not expire for 28 additional days and limited its injunctive effect to Sergeants Kilgore and Hudepohl "in the event that one or both prevail in this litigation." On December 26, 2008, the trial court extended its relief by issuing a preliminary injunction ordering that list 07-32 should not expire as to Sergeants Kilgore and Hudepohl until further order of the court. *See* Civ.R. 65(B). The court clarified that its preliminary injunction did not extend the promotion list as to any other individuals.

{¶6} The trial court held a lengthy hearing on the preliminary injunction and the merits of Sergeant Kilgore's wrongful-denial-of-promotion claims. The trial court received testimony from numerous witnesses, including the police chief. It also reviewed

---

[1] Sergeant Hudepohl's request for a writ of mandamus was denied by the trial court and he has not participated in this appeal.

extensive stipulated documentary evidence. On September 8, 2009, the trial court issued a decision and granted Sergeant Kilgore's request for a writ of mandamus. The trial court found that Sergeant Kilgore did not have the legal right to be promoted before the expiration date of list 07-32. But it concluded that a January 11, 2009 retirement had created a vacancy in the lieutenant ranks. As the next eligible candidate, the court concluded that Sergeant Kilgore was entitled to a promotion to fill that vacancy.

{¶7}    The city sought an immediate appeal. Sergeant Kilgore filed a cross appeal. Because Sergeant Kilgore's racial-discrimination claim had remained unadjudicated below, the trial court's entry had disposed of fewer than all of Sergeant Kilgore's claims. Because the entry did not contain the trial court's determination that there was no just reason for delay, this court dismissed the appeals. *See* Civ.R. 54(B); *see also Kilgore v. Cincinnati*, 1st Dist. Nos. C-090701 and C-090722 (Dec. 15, 2010).

{¶8}    On January 3, 2011, the trial court again granted the writ of mandamus sought by Sergeant Kilgore and ordered her promotion to the rank of police lieutenant as of January 11, 2009. The trial court included a Civ.R. 54(B) certification and expressly adopted the reasoning advanced in its September 2009 decision. Only the city has sought appeal from this entry.

{¶9}    Promotions in the city's police division are controlled by statute and by a consent decree that the city approved in 1987 to settle allegations of employment discrimination. *See* R.C. 124.44; *see also State ex rel. Fink v. Cincinnati*, 186 Ohio App.3d 484, 2010-Ohio-449, 928 N.E.2d 1152, ¶ 13 (1st Dist.). R.C. 124.44, governing promotions in a municipal police department, provides that "[i]f there is [an eligibility] list, the commission shall, when there is a vacancy, immediately certify the name of the person on the list having the highest rating, and the appointing authority shall appoint that person within thirty days from the date of the certification."

{¶10}    Mandamus is an appropriate remedy in wrongful-denial-of-promotion cases. *State ex rel. Hipp v. City of N. Canton*, 70 Ohio St.3d 102, 103, 637 N.E.2d 317

(1994). In order to be entitled to a writ of mandamus regarding her claim for appointment, Sergeant Kilgore had to establish a clear legal right to promotion to lieutenant, a clear legal duty on the part of the city to promote her, and that she had no plain and adequate remedy in the ordinary course of law. *State ex rel. Hipp v. City of N. Canton*, 75 Ohio St.3d 221, 222, 661 N.E.2d 1090 (1996); *see also York v. Cincinnati*, 194 Ohio App.3d 517, 2011-Ohio-3921, 957 N.E.2d 67, ¶ 18 (1st Dist.); *State ex rel. Fink* at ¶ 7.

{¶11} An appellate court reviews a trial court's grant of mandamus de novo when the underlying, stipulated record presents only questions of law. *Cincinnati Entertainment Assocs., Ltd. v. Bd. of Commrs. Of Hamilton Cty.*, 141 Ohio App.3d 803, 810, 753 N.E.2d 884 (1st Dist.2001). But where, as here, the trial court has heard testimony and received stipulated and other documentary evidence, has reached a decision on the merits, and has allowed the writ, we review the trial court's decision for an abuse of discretion. *See State ex rel. Hipp*, 70 Ohio St.3d at 103, 637 N.E.2d 317.

{¶12} A reviewing court will not reverse a trial court's exercise of its discretion unless the court has exhibited an attitude that was "unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). If the trial court's exercise of its discretion exhibited a "sound reasoning process" that would support its decision, we will not disturb that determination. *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶13} In its first assignment of error, the city argues that the trial court committed "reversible error in determining Kilgore had a legal right to a promotion from Promotional Eligible List 07-32" before the list expired on September 20, 2008. But the trial court did not reach that determination. In fact, the trial court rejected Sergeant Kilgore's arguments asserting that she had a right to promotion that existed before the original expiration date of the list.

{¶14} Sergeant Kilgore had initially argued that a vacancy existed in the authorized rank of police lieutenant due to the city's failure to promote Lieutenant David

Fink during the pendency of promotion eligibility list 07-32. It was ultimately determined that Fink was not entitled to a writ of mandamus compelling his promotion to captain. *See State ex rel. Fink*, 186 Ohio App.3d 484, 2010-Ohio-449, 928 N.E.2d 1152, at ¶ 16 (no vacancy had been created upon the retirement of a person on extended sick leave because of a dual-fill promotion). Therefore, no vacancy occurred and Sergeant Kilgore was not entitled to promotion on that basis.

{¶15}   In its September 2009 decision, the trial court expressly rejected Sergeant Kilgore's second contention that in early September 2008, before the expiration of the promotion list, the city had increased its complement of police lieutenants creating two vacancies. Sergeant Kilgore asserted that she had been promised one of the vacancies by the police chief, and that the city manager had approved the promotion. The trial court found that the complement increase had not occurred because "[q]uite simply, the City changed its mind regarding the promotions before the promotion process was finalized." The record supports the trial court's determination. While electronic communications reflect that the city manager initially had approved the police chief's request, the complement increase was never completed. The "Requisition, Certification and Appointment" form was never signed by competent city authority and the civil service commission never approved the promotion. Based upon these facts, the trial court found that Sergeant Kilgore was "not entitled" to the promised promotion.

{¶16}   Because Sergeant Kilgore has not demonstrated that a vacancy existed on or before the original expiration date of promotion eligible list 07-32, she did not have a clear legal right to a promotion and the city did not have a clear legal duty to promote her. *See* R.C. 124.44; *see also York*, 194 Ohio App.3d 517, 2011-Ohio-3921, 957 N.E.2d 67, at ¶ 27 (plaintiffs prevailed in a failure-to-promote mandamus action where they established that vacancies had occurred before the original expiration date and that they had been next in line for promotion when those vacancies had arisen); *McCarter v. Cincinnati*, 3

Ohio App.3d 244, 246, 444 N.E.2d 1053 (1st Dist.1981) (prevailing plaintiff was entitled to a vacancy that occurred during the pendency of the promotion list).

{¶17} While the city assigned this portion of the trial court's ruling as error, we cannot discern how it was prejudiced by a ruling that no vacancy existed before the expiration date of 07-32. Since the city was not prejudiced by this portion of the trial court's ruling, the first assignment of error is overruled. We note that Sergeant Kilgore, who was aggrieved by the trial court's ruling on the "promised promotion," has not appealed.

{¶18} In its second assignment of error, the city argues that the trial court erred in determining that Sergeant Kilgore was entitled to promotion based upon a retirement in the lieutenant ranks that had occurred on January 11, 2009, four months after the expiration date of promotion eligible list 07-32. We agree.

{¶19} In its September 2009 decision, the trial court found that "[o]n January 11, 2009, a certain Lieutenant Kramer retired from the City's police force." The court noted in a footnote that the record was "silent as to Lieutenant Kramer's full name." It continued that "[t]his created a vacancy in the rank of police lieutenant. At the time of the January 11, 2009 retirement, the City was subject to this court's December 26, 2008 order indefinitely extending the Promotion Eligible List resulting from examination 07-32. As the next eligible candidate, [Sergeant] Kilgore is entitled to the promotion." The trial court concluded that Sergeant Kilgore was entitled to the promotion "based upon the retirement of Lieutenant Kramer on January 11, 2009."

{¶20} The city contests the trial court's authority, by means of its December 2008 temporary restraining order and preliminary injunction, to extend the eligible promotion list expiration date and to order that an after-occurring retirement entitled Sergeant Kilgore to promotion.

{¶21} The purpose of both a temporary restraining order and a preliminary injunction "is to preserve the status quo of the parties pending a decision on the merits."

*Dunkelman v. Cincinnati Bengals, Inc.*, 158 Ohio App.3d 604, 2004-Ohio-6425, 821 N.E.2d 198, ¶ 45 (1st Dist.); *see also Brookville Equip. Corp. v. Cincinnati*, 1st Dist. No. C-120434, 2012-Ohio-3648, ¶ 10. An injunction granted before litigation is ordinarily limited to preserving the status quo ante litem so that the pending trial is not a hollow proceeding. The status quo ante litem is the last, uncontested status that preceded the litigation. *See Obringer v. Wheeling & Lake Erie Ry. Co.*, 3d Dist. No. 3-09-08, 2010-Ohio-601, ¶ 19; *see also Quinlivan v. H.E.A.T. Total Facility Solutions, Inc.*, 6th Dist. No. L-10-1058, 2010-Ohio-1603, ¶ 5; *GoTom.com v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir.2000).

{¶22} Thus the trial court had ample authority to enjoin the city from closing promotions under list 07-32 until Sergeant Kilgore had had an opportunity to litigate her claims. But a court's order of injunctive relief cannot confer greater rights than existed under the status quo. Here, the status quo ante litem—Sergeant Kilgore's claim to promotion under the 07-32 list—was dependent on the existence of a vacancy before the original expiration date of the list on September 20, 2008. *See York*, 194 Ohio App.3d 517, 2011-Ohio-3921, 957 N.E.2d 67, at ¶ 18 and 27; *see also McCarter*, 3 Ohio App.3d at 246, 444 N.E.2d 1053. While the trial court had authority to extend the list beyond its statutory expiration date, it lacked the legal authority to order Sergeant Kilgore's promotion to a position that had not become vacant until after the original expiration date of that list.

{¶23} We note that nothing in this opinion would limit a trial court's inherent authority to order promotion to a vacancy that had arisen after the expiration of a promotion list, as long as the prevailing plaintiff had demonstrated a clear legal right to a vacancy created before the expiration of a promotion list. *See McCarter*, 3 Ohio App.3d at 247-248, 444 N.E.2d 1053 (affirming the trial court's judgment ordering promotion to an after-occurring vacancy when the prevacancy post had been filled by another officer).

{¶24} Here, the existence of Sergeant Kilgore's clear legal right to promotion to lieutenant was dependent on her being the next available officer in line for promotion

from list 07-32 and on there being a vacancy that occurred before the original expiration date of list 07-32. Since the trial court had determined that no vacancy existed before the expiration of the list on September 20, 2008, we are unable to discern a sound reasoning process that would support the trial court's conclusion that Sergeant Kilgore had a clear legal right to promotion. Therefore, we conclude that the court's decision granting the writ of mandamus was unreasonable and an abuse of discretion. *See* R.C. 124.44; *AAAA Ents., Inc.*, 50 Ohio St.3d at 161, 553 N.E.2d 597. The second assignment of error is sustained.

{¶25} Therefore, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**SUNDERMANN, P.J., HENDON** and **CUNNINGHAM, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.

9