[Cite as *State ex rel. Bower v. Cincinnati*, 2023-Ohio-3369.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. STEVE BOWER AND JACOB MAPEL, | : | APPEAL NO. C-220511 TRIAL NO.  A-2004489 |
| | : | |
|    Plaintiffs-Relators-Appellees, | : | *O P I N I O N.* |
|   vs. | : | |
| CITY OF CINCINNATI, | : | |
|   and | : | |
| CINCINNATI CIVIL SERVICE COMMISSION, | : | |
|    Defendants-Respondents-Appellants, | : | |
|   and | : | |
| SHERYL LONG, CINCINNATI CITY MANAGER, | : | |
| I/O SOLUTIONS, INC., | : | |
|   and | : | |
| JOHN DOES #1–10, | : | |
|    Defendants-Respondents. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 22, 2023

*Gottesman & Associates, LLC*, and *Zachary Gottesman*, for Plaintiffs-Relators-Appellees,

*Emily Smart Woerner*, City Solicitor, and *William C. Hicks*, Chief Counsel-Litigation & Labor & Employment, for Defendants-Respondents-Appellants.

**CROUSE, Presiding Judge.**

{¶1}   Defendants-respondents-appellants the city of Cincinnati and the Cincinnati Civil Service Commission ("CSC") (collectively, "the city") appeal from the trial court's decision granting the administrative appeal brought by two Cincinnati police sergeants, plaintiffs-relators-appellees Steve Bower and Jacob Mapel. Bower and Mapel took the police lieutenant promotional exam in 2020 but did not place high enough on the resulting promotion list to be promoted before the promotion list expired. However, Bower and Mapel claim that scoring irregularities prevented them from receiving fair scores on their exams. They claim that based on their proposed score recalculations, they should have been placed higher on the promotion list and would, as a result, have been promoted to lieutenant. The CSC denied their requested relief, and Bower and Mapel appealed to the court of common pleas. The court granted their appeals and ordered that Bower and Mapel be retroactively promoted and given back pay. The city appealed the court's decision. We agree with the trial court and affirm its judgment.

## I. Factual and Procedural History

{¶2}   Bower and Mapel are sergeants in the Cincinnati Police Department ("CPD") who took the 2020 Promotion Eligibility Exam for Police Lieutenant ("PEEPL"). Following the scoring of the PEEPL, the examinees are ranked in score order to form the promotion eligibility list. As vacancies open in the lieutenant rank at the CPD, the vacancy is to be filled by the next highest scorer on the exam, following

the ranked promotion list.[1]

**{¶3}** The 2020 PEEPL exam consisted of two components: an objective, multiple-choice component, and the "Assessment Center." Each component is worth 50 percent of the overall score. The Assessment Center component is further broken down into three parts: a community meeting exercise, an oral interview, and a written "inbox" exercise. For the purpose of the exam, examinees were assigned an "L number" to preserve their anonymity and prevent bias in the grading process. In previous years, the exams were graded by CPD human-resources staff. However, in the years leading up to the 2020 exam, the city has contracted with outside vendor Industrial/Organizational Solutions, Inc., ("IOS") to prepare and grade the exams.[2] The multiple-choice portion was administered in July 2020 and the Assessment Center was administered in October 2020.

**{¶4}** The written exercise is at the heart of this appeal. Examinees were given a series of questions that reflected issues that might appear in a lieutenant's email inbox. Examinees would then provide written responses. At the start of the exam, Bruce Ross, CPD's human-resources manager, was intended to provide Microsoft Word templates for the examinees to use in composing their responses. Due to a technical issue with Ross's USB thumbdrive, he was unable to load the templates. Instead, Ross instructed the examinees to use a blank Word document to compose their responses. With guidance from IOS, Ross told the examinees to include in the

---

[1] We have previously discussed the CPD promotion process, including the effect of a consent decree providing for automatic promotions of women and race-based minorities under certain circumstances. *See State ex rel. Fink v. City of Cincinnati*, 186 Ohio App.3d 484, 2010-Ohio-449, 928 N.E.2d 1152, ¶ 13 (1st Dist.); *York v. City of Cincinnati*, 194 Ohio App.3d 517, 2011-Ohio-3921, 957 N.E.2d 67, ¶ 2 (1st Dist.).

[2] IOS was named as a defendant in this action, but the counts against it have not yet been resolved and therefore it is not a party to this appeal.

document both the examinee's name and assigned L number, and to initial each page.

{¶5} Based on the exam scores, Mapel was placed 22nd on the promotion list, and Bower was placed 26th. By the time the promotion list expired at the end of 2021, only the first 16 candidates had been promoted.

{¶6} In November 2020, Bower and Mapel filed appeals of their scores before the CSC. The CSC scheduled appearances for Bower and Mapel at the Dec. 10, 2020 CSC meeting. However, their appearances were cancelled for unspecified reasons.

{¶7} Following the cancellation of their December 2020 appearances before the CSC, Bower and Mapel filed a complaint in the court of common pleas. In their original complaint, Bower and Mapel requested (1) reversal of the CSC's "de facto" denial of their appeals; (2) a writ of mandamus compelling production of documents related to their exams, striking unfairly graded portions of their exams, adjustment to their scores, and revision to the promotion eligibility list; and (3) discovery of documents related to their exams under R.C. 2317.48.

{¶8} After Bower and Mapel filed their complaint, the CSC scheduled appearances at a January 28, 2021 meeting. At this meeting, Bower and Mapel were represented by counsel and presented their concerns. Ross, the human-resources manager, was also present and provided information to the CSC. However, counsel was not permitted to question Ross directly; any questions had to be proposed to the commissioners, who themselves questioned Ross. A subsequent hearing was held on March 18, 2021, at which the CSC heard additional information from Ross; Latisha Hazell, the deputy director of human resources; and Irfan Bhanji, a representative from IOS.

5

{**¶9**}    Following the hearings, the CSC decided in a pair of 2-1 split decisions to deny relief to Bower and Mapel. The CSC concluded that "due to a technical issue with the exam software it was not feasible for applicants to use an identification number which required applicants to place their names on exam materials." One commissioner, in a dissenting opinion, stated that "it was both feasible and reasonable for applicants to have been instructed to use an alternate identification method rather than their name. The technical issues that were reported were not significant enough to override the interest the Commission has in concealing candidate names from exam materials."

{**¶10**}    After receiving the decisions from the CSC, Bower and Mapel amended their complaint to include the decisions denying their appeals and their appeals from those decisions.[3]

{**¶11**}    Following briefing and a hearing on Bower's and Mapel's administrative appeals and a motion for summary judgment by the city, the trial court granted the administrative appeals and denied the city's motion for summary judgment. The trial court ordered Bower to be promoted retroactively as of May 16, 2021, as if he had placed 10th on the promotion list, and granted back pay in accordance with that date. The court also ordered that Mapel be promoted retroactively as of December 12, 2021, as if he had placed 16th on the promotion list, and granted back pay accordingly.

{**¶12**}    This appeal timely followed.

## II. Analysis

{**¶13**}    In its sole assignment of error, the city argues that the trial court erred

---

[3] With leave of court, Bower and Mapel filed a second amended complaint in response to a motion to dismiss filed by IOS. The second amended complaint alleged breach of contract and negligence claims against IOS. IOS filed an answer and asserted several affirmative defenses against Bower's and Mapel's claims. The claims against IOS have not been addressed by the trial court.

by reviewing the CSC's decision. The city argues that the court of common pleas lacked subject-matter jurisdiction over the appeals because there is no right to appeal under R.C. Chapter 2506 unless the administrative decision was made at a quasi-judicial hearing. The city argues in the alternative that the court lacked jurisdiction because Bower's and Mapel's claims became moot after the promotion list expired.

### A. *Entitlement to a Quasi-Judicial Hearing*

{¶14} The city argues that the trial court lacked subject-matter jurisdiction because Bower and Mapel were not entitled to a quasi-judicial hearing on their claims that their exams were improperly administered. The city contends that Bower and Mapel were merely entitled to an "appearance," which does not create a right to appeal to the court of common pleas. The city concedes that if Bower and Mapel were entitled to a quasi-judicial hearing, they would have a right to appeal, notwithstanding their alternative mootness argument.

{¶15} In order for a court to hear and decide a case on its merits and to render an enforceable judgment in an action, the court must have subject-matter jurisdiction based on a statutory or constitutional grant of judicial power over the controversy. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. When reviewing decisions of administrative agencies, "[c]ourts of common pleas only have 'such powers of review of proceedings of administrative officers and agencies as may be provided by law.' " *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-2742, 994 N.E.2d 879, ¶ 9 (10th Dist.), quoting Ohio Constitution, Article IV, Section 4. We review the determination of subject-matter jurisdiction de novo. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 17.

{**¶16**}  Administrative appeals are governed by R.C. Chapter 2506. "In order for a decision of an administrative body to be appealable pursuant to R.C. Chapter 2506 it must be a final resolution rendered in a quasi-judicial proceeding." *Lakota Local School Dist. Bd. of Edn. v. Brickner*, 108 Ohio App.3d 637, 644, 671 N.E.2d 578 (6th Dist.1996). The key issue is whether, as a matter of law, the appellant is *entitled* to a quasi-judicial hearing, including notice and a meaningful opportunity to be heard, not whether the administrative body actually provided notice and a hearing. *See id.* at 644-645.

{**¶17**}  Appeals to the CSC are governed by Civil Service Rule 17. Section 2 of that rule provides for an appeal of "the results of a classification study, rejection of application, or *the grading of an examination.*" (Emphasis added.) This is consistent with the language governing the promotion process under Civil Service Rule 10, Section 6, which states that "After the grading of such examination papers, any participant in the examination who deems his examination papers have been erroneously graded shall have *the right to appeal* to the Commission." (Emphasis added.)

{**¶18**}  The city argues that Bower and Mapel were not entitled to quasi-judicial hearings on their complaints regarding the anonymity violation during their examination. The city claims that none of the circumstances under Civil Service Rule 17 apply to a violation of the anonymity rule. We disagree.

{**¶19**}  The anonymity rule speaks directly to the grading of examinations. It is a procedural rule created to ensure that grading is conducted in a fair manner, avoiding potential biases that may exist where the grader sees the name of the applicant. We observe in particular that the anonymity rule itself is contained within

Civil Service Rule 10, Section 5, entitled "Contents and Grading of Examinations."

**{¶20}** The city suggests that the anonymity rule is no longer relevant because the grading is outsourced to a private company, where assessors are unlikely to know the applicant and are therefore unlikely to show favoritism or bias for or against any of the individuals being graded. However, this argument fails to encompass other sources of bias than familiarity with the individual. In fact, other types of bias may taint the grading process if the grader, perhaps unconsciously, uses the applicant's name to make assumptions about the applicant's gender, race, ethnicity, national origin, or other protected category. *See, e.g.,* Bearer-Friend, *Colorblind Tax Enforcement*, 97 N.Y.U.L.Rev. 1, 19 (2022) ("Randomized controlled trials have shown that first and last names are used as a proxy for race, with employers contacting candidates with stereotypically white names for interviews at higher rates than candidates with stereotypically Black names, despite identical credentials."). Any of these factors, in addition to personal familiarity with the applicant, can compromise the grading process. It is erroneous to claim that the anonymity rule can simply be ignored because one particular purpose it might serve is of diminished concern, particularly in light of other bias issues that may persist.

**{¶21}** Because Bower and Mapel raised their challenge on the basis of the violation of the anonymity rule, which serves to protect the integrity of the grading process, their challenge entitles them to a quasi-judicial hearing under Civil Service Rule 17's category of "grading of an examination." Consequently, the court of common pleas had subject-matter jurisdiction to hear and decide their administrative appeals.

### B. *Mootness of the Promotion List*

**{¶22}** The city also argues that, even if the court had subject-matter

jurisdiction over the case at its outset, Bower's and Mapel's cases became moot at the end of December 2021 when the promotion list expired. The city argues that "once an eligibility list has expired no appointments can be made from that list."

**{¶23}** The trial court found that, taking into account its adjusted scoring and ranking of the promotion list, Bower should have been ranked tenth on the promotion list. The tenth vacancy filled under the promotion list was filled on May 16, 2021. The trial court also found that Mapel should have been ranked sixteenth on the promotion list. The sixteenth vacancy was filled on December 12, 2021. The parties agree that both vacancies were filled before the expiration of the promotion list.[4]

**{¶24}** We have previously held that "the right to a promotion vests in the highest ranked person from the eligibility list when a vacancy occurs." *York v. Cincinnati*, 194 Ohio App.3d 517, 2011-Ohio-3921, 957 N.E.2d 67, ¶ 27 (1st Dist.). As a result, the subsequent expiration of the promotion list does not render moot a claim that the right to a promotion accrued while the list was valid. *Id.*

**{¶25}** Based on the trial court's findings, Bower's and Mapel's rights to their promotions vested while the promotion list was still valid. Thus, the subsequent expiration of the promotion list does not moot this case.

**{¶26}** The city also contends, as part of its mootness argument, that the court cannot order promotion for Bower and Mapel because the complement of lieutenants is fixed and cannot be altered except by following procedures outlined in the police collective-bargaining agreement. However, we have observed in the past that there are procedures in place for accommodating additional promotions as required by consent decree or court order. *Id.* at ¶ 2-3 (describing the "double-fill" and "over-fill" systems

---

[4] The record indicates that the promotion list expired in December 2021, but it does not contain the exact date of the list's expiration.

that account for excess promotions). Regardless of the difficulty the city may face in complying with the court's order, such a concern does not make the controversy moot.

### III. Conclusion

{¶27} We conclude that Bower and Mapel were entitled to a quasi-judicial hearing on their claims before the CSC. As a result, the court of common pleas had subject-matter jurisdiction over their administrative appeals. Bower's and Mapel's rights to promotion vested prior to the expiration of the promotion list, and consequently, their appeals are not moot. Accordingly, we overrule the city's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.